128

In the Matter of ABRAHAM HIRSCHFELD, Respondent, *v.* MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Appellants.

First Department, July 2, 1963.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Lester H. Marks* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellants.

*Copal Mintz* for respondent.

*Per Curiam.* Respondents, comprising the Board of Standards and Appeals, appeal from an order of Special Term entered on a petition and directing them to entertain petitioner's application for a rehearing. The chronology is most important.

On December 7, 1961, petitioner applied to the board for a variance of the Zoning Resolution of the City of New York to permit petitioner to erect a garage at the premises known as 166–172 West 58th Street. On July 10, 1962, the application was denied. Concededly, this application was made and determined by the board pursuant to the Zoning Resolution adopted in 1916. These resolutions were amended, the effective date of

the amendments being December 15, 1961. There are savings clauses regarding pending matters. On August 20, 1962, the petitioner having submitted plans for a somewhat different type of garage and having been refused by the Borough Superintendent, applied to the board for a rehearing of its December 7, 1961, application for a variance. Concededly, this application was not made in accordance with the amended resolutions, and the board refused to entertain it on that ground.

The question is whether the application comes within the savings clause of the amendments. The savings clause is contained in section 11-34 of the 1961 Resolutions. It gives the board power to hear and determine applications then pending, with certain restrictions not necessary to discuss here. A "pending application" is defined (§ 11-341) as one in which a final decision has not been rendered by the board as of December 15, 1961, or one in which the final decision has been remanded to the board by a court and the board had not acted upon the remand prior to the December 15, 1961, cut-off date.

At the date of the instant application there was no pending application within the meaning of the amendment. Special Term decided that because of the provisions of section 11-342 it was reasonable to conclude that an application to rehear a decision was a pending application provided the original application was made prior to the cut-off date. The section relied on deals with amendments to a variance previously granted and empowers the board to entertain them provided the amendment does not involve certain excepted changes. This section gives no support to petitioner's contention. The obvious intent of the amendment is to allow the board to process applications made to it but undetermined by it at the cut-off date in accord with the resolution as it read at the time of the application. Once these had been resolved, no right remained in a petitioner to proceed under the superseded resolution. Petitioner's application had been so resolved.

The order should be reversed on the law and the petition dismissed, with costs to appellants.

BREITEL, J. P., RABIN, STEVENS, STEUER and BERGAN, JJ., concur.

Order, entered on February 7, 1963, unanimously reversed, on the law, and the petition dismissed, with $20 costs and disbursements to appellants.